UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.H.P.M., INC. | § § | |
| *Plaintiff,* | § § § | Cause No. 4:18-cv-2302 Jury |
| v. | § § § | COMPLAINT FOR PATENT INFRINGEMENT |
| HEALGEN SCIENTIFIC LIMITED LIABILITY COMPANY, | § § § § | |
| *Defendant.* | § § | |

W.H.P.M., Inc. ("WHPM" or "Plaintiff") hereby files this Complaint for Patent Infringement and Jury Demand, complaining of Healgen Scientific Limited Liability Company ("Healgen or "Defendant""), and upon personal knowledge as to its own acts and circumstances, and upon information and belief as to the acts and circumstances of others, alleges as follows:

## THE PARTIES

1. Plaintiff WHPM is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 5358 Irwindale Ave., Irwindale, CA 91706.

2. Upon information and belief, Defendant Healgen is a Texas limited liability company with its registered office located at 3818 Fuqua Street, Houston, Texas 77047-4808. Healgen may be served with process through its registered agent, Jianqui Fang at 3818 Fuqua Street, Houston, Texas 77047-4808 or wherever he may be found.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (jurisdiction over federal questions) and 1338(a) (jurisdiction over civil actions arising under any Act of Congress relating to patents).

5. On information and belief, Healgen is subject to this Court's jurisdiction in that said Defendant is a Texas limited liability company which conducts business in the State of Texas and within the Southern District of Texas, and acts of infringement have taken place and are continuing to take place in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Upon information and belief, Defendant not only resides within this District but also has committed acts of patent infringement and has a regular and established place of business in in this District.

## THE PATENT

7. United States Patent No. 7,927,562 (the "'562 Patent"), entitled "Collection and Assay Device for Biological Fluid" was duly and legally issued by the United States Patent and Trademark Office on April 19, 2011, after a full and fair examination. WHPM is the holder of the '562 Patent and has the exclusive right to manufacture and sell products pursuant to the '562 Patent within the United States as well as the exclusive right to bring suit with respect to any past, present, and future infringement of the '562 Patent within the United States. A true and correct copy of the '562 Patent is attached hereto as Exhibit 1.

8. WHPM sells products manufactured pursuant to the '562 Patent in the United States through a company by the name of Micro Distributing, II, Ltd. ("Micro") a Texas corporation with its principal place of business in Belton, Texas.

9. Upon information and belief, Zhejiang Orient Gene Biotech Co., LTD. ("Orient Gene") a Chinese company with its principal place of business at 3787#, East Yangguang Avenue, Dipu Street, Anji 313300, Huzhou, Zhejiang, China, is the manufacturer and seller to Healgen of the devices that WHPM alleges herein to be infringing upon the '562 Patent which are sold throughout the United States. Upon further information and belief, Healgen is owned 100% by Orient Gene. Plaintiff will seek to discover if facts exist sufficient for this Court to assert jurisdiction over Orient Gene and if this District is an appropriate venue with respect to Orient Gene such that Orient Gene may be added as a party Defendant.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,927,562

10. Plaintiff hereby realleges and hereby incorporates by reference the allegations of paragraphs 1 - 9 of this Complaint as if fully set forth herein.

11. Upon information and belief, Defendant has been and now is directly infringing the '562 Patent, literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the '562 Patent, including but not limited to Healgen's Saliva Screen Test and/or Healgen's One Step Oral Fluid Drug Test ("Accused Healgen Products")

12. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 1 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 1 of the '562 Patent by providing a device for collecting and analyzing a biological fluid,

comprising: a sample collecting section comprising at least one collection pad for collecting a sample of the biological fluid and a first threaded portion; a unitary sample accommodating section for extracting and accommodating the sample collected by the sample collecting section, the sample accommodating section comprising a second threaded portion operatively engageable with the first threaded portion of the sample collecting section, the sample accommodating section further comprising a sample extracting means disposed within the unitary sample accommodating section, the sample extracting means being configured to engage the at least one collection pad for extracting the sample from the collection pad in a controlled manner when the first threaded portion and the second threaded portion engage each other, the unitary sample accommodating section being a sole chamber therein; a sample reservoir provided circumferentially along the sole chamber and within the sole chamber; and a sample analyzing section at least partially arranged within the reservoir, the sample analyzing section comprising: a tubular sleeve having a passageway through which the at least one collection pad passes to engage the sample extracting means; a plurality of grooves formed along an outer surface of the sleeve; and a plurality of testing strips each slidably disposed within a corresponding groove to be in fluid communication with the sample extracted and accommodated within the unitary sample accommodating section.

    13.    Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 2 in violation of 35 U.S.C. § 271.  By way of example and without limitation, the Accused Healgen Products directly infringe Claim 2 of the '562 Patent by providing the device of claim 1, wherein the sample collecting section comprises a knob at the proximal end thereof for an operator to hold the sample collection section and an elongate shaft at the distal end thereof for attaching the collection pad.

14. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 3 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 3 of the '562 Patent by providing the device of claim 1, wherein the sample extracting means comprises a protrusion provided within the unitary sample accommodating section and dimensioned to at least partly engage the collection pad to extract the sample from the collection pad when the first threaded portion and the second threaded portion engage each other.

15. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 4 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 4 of the '562 Patent by providing the device of claim 3, wherein the unitary sample accommodating section has a lower inner surface on which the protrusion is formed, and the reservoir is formed around the protrusion in the sample accommodating section.

16. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 5 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 5 of the '562 Patent by providing the device of claim 4, wherein the testing strips of the sample analyzing section are in fluid communication with the sample accommodated in the sample reservoir.

17. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 6 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 6 of the '562 Patent by providing the device of claim 1, wherein the first threaded portion

comprises an externally threaded portion and the second threaded portion comprises a complementary internally threaded portion.

18. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 7 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 7 of the '562 Patent by providing the device of claim 1, further comprising an insulating means for securing the tight contact between the sample collecting section and the unitary sample accommodating section when the sample collecting section and the unitary sample accommodating section are engaged with each other.

19. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 8 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 8 of the '562 Patent by providing the device of claim 1, wherein the unitary sample accommodating section comprises a transparent part for observing the analyzing means of the sample analyzing section.

20. Upon information and belief, the Accused Healgen Products directly infringe one or more claims of the '562 Patent, including but not limited to Claim 9 in violation of 35 U.S.C. § 271. By way of example and without limitation, the Accused Healgen Products directly infringe Claim 9 of the '562 Patent by providing the device of claim 1, wherein the engagement between the at least one collection pad and the sample extracting means can be controlled by the engagement between the first threaded portion and the second threaded portion such that the amount of sample extracted from the collection pad can be controlled.

21. Pursuant to 35 U.S.C. § 271(b), Defendant is liable for inducement by continuing to knowingly and intentionally cause the direct infringement of the '562 Patent, including but not limited to Claims 1 and/or 2 and/or 3 and/or 4 and/or 5 and/or 6 and/or 7 and/or 8 and/or 9, by its customers. At least as of the date of service of this Complaint, if not earlier, Defendant has knowledge of the '562 Patent. Upon information and belief, with knowledge of the '562 Patent, knowledge of the Accused Healgen Products, Defendant continues to knowingly and intentionally cause its customers to directly infringe the '562 Patent. Defendant does so through various means, including but not limited to, the marketing, selling and offering for sale the Accused Healgen Products to its customers.

22. As a result of Defendant's infringement of the '562 Patent, WHPM has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As a consequence of Defendant's infringement, WHPM is entitled to recover damages adequate to compensate for the infringement complained of herein, but in no event less than a reasonable royalty.

23. Plaintiff has suffered irreparable injury as a direct and proximate result of Defendant's infringement for which there is no adequate remedy at law. Unless a preliminary and permanent injunction is issued enjoining Defendant and its affiliates, subsidiaries, suppliers, parent corporations, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or in active concert or participating with any of them directly or indirectly including, but not limited to, Zhejiang Orient Gene Biotech Co., Ltd., from making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the '562 Patent, including but not limited to Healgen's Saliva Screen Test and/or Healgen's One

Step Oral Fluid Drug Test or in any other manner infringing the '562 Patent, Plaintiff will be greatly and irreparably harmed as a direct and proximate result of Defendant's conduct.

## JURY DEMAND

24.     Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff W.H.P.M., Inc. respectfully requests that this Honorable Court enter preliminary and final orders and judgments against Defendant Healgen Scientific Limited Liability Company on behalf of W.H.P.M., Inc. with the following relief:

1.      A preliminary injunction enjoining Defendant Healgen Scientific Limited Liability and any of its affiliates, subsidiaries, suppliers, parent corporations, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or in active concert or participating with any of them directly or indirectly including, but not limited to, Zhejiang Orient Gene Biotech Co., Ltd., from making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the '562 Patent, including but not limited to Healgen's Saliva Screen Test and/or Healgen's One Step Oral Fluid Drug Test or in any other manner infringing, inducing others to infringe or contributing to the infringement of the '562 Patent;

2.      A judgment in favor of W.H.P.M., Inc. that Defendant Healgen Scientific Limited Liability Company has infringed the '562 Patent;

3.      A judgment in favor of W.H.P.M., Inc. that Defendant Healgen Scientific Limited Liability Company has induced the infringement of the '562 Patent;

4. A permanent injunction enjoining Defendant Healgen Scientific Limited Liability and any of its affiliates, subsidiaries, suppliers, parent corporations, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or in active concert or participating with any of them directly or indirectly including, but not limited to, Zhejiang Orient Gene Biotech Co., Ltd., from making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the '562 Patent, including but not limited to Healgen's Saliva Screen Test and/or Healgen's One Step Oral Fluid Drug Test or in any other manner infringing, inducing others to infringe or contributing to the infringement of the '562 Patent;

5. A judgment and order requiring Defendant Healgen Scientific Limited Liability Company to pay W.H.P.M., Inc. its compensatory damages, costs, expenses, and prejudgment and post-judgment interest as allowed by law;

6. A judgment against Defendant Healgen Scientific Limited Liability Company and in favor of W.H.P.M., Inc. in all respects;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to W.H.P.M., Inc. its reasonable attorneys' fees; and,

8. A judgment for any such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

Mark W. Romney
SDTX I.D. No.: 208180
Texas State Bar #17225750
Romney Law Firm
900 Jackson St., Ste. 750
Dallas, TX 75202
(214) 329-4237
(214) 329-4257 (fax)
mark@romneylawfirm.com

**ATTORNEY FOR PLAINTIFF W.H.P.M., INC.**