UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.H.P.M., INC. | § § § § | |
| *Plaintiff,* | § | |
| v. | § § § | CIVIL ACTION NO. 4:18-cv-2302<br>**Jury** |
| | § § § | |
| HEALGEN SCIENTIFIC LIMITED LIABILITY COMPANY, | § § § § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The meeting of the parties as required by Rule 26(f) was held via teleconference on October 3, 2018. Mark W. Romney and Paul F. Gianni, counsel for Plaintiff and Theodore Lapus and Haoyi Chen, counsel for Defendant participated.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None.

3. Briefly describe what this case is about.

    Plaintiff's description of the case:
        Plaintiff is the holder of United States Patent No. 7,927,562 (the '562 Patent"),

entitled "Collection and Assay Device for Biological Fluid" which was duly and legally issued by the United States Patent and Trademark Office on April 19, 2011, after a full and fair examination. The '562 Patent is the patent-in-suit. Plaintiff has alleged that, upon information and belief, Defendant has been and is now directly infringing the '562 Patent, literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the '562 Patent, including but not limited to Healgen's Saliva Screen Test and/or Healgen's One Step Oral Fluid Drug Test ("Accused Healgen Products"). Plaintiff has further alleged that Defendant is liable for inducement by continuing to knowingly and intentionally cause the direct infringement of the '562 Patent by various means, including but not limited to, the marketing, selling and offering for sale the Accused Healgen Products to its customers. Plaintiff has further alleged that at least as of the date of the service of the Complaint (July 13, 2018), if not earlier, Defendant had knowledge of the '562 Patent.

Plaintiff seeks preliminary and permanent injunctive relief, a judgment that Defendant has infringed the '562 Patent and induced the infringement of the '562 Patent, a judgment and order requiring Defendant to pay Plaintiff its compensatory damages, costs, expenses, and prejudgment and post-judgment interest. Plaintiff also seeks a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable and necessary attorneys' fees and such other and further relief as the Court deems just and equitable.

<u>Defendant's description of the case</u>:
Defendant denies Plaintiff's allegations of infringement of the '562 Patent, and further denies the validity and enforceability of the '562 Patent.

4.  Specify the allegation of federal jurisdiction.

The instant action is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (jurisdiction over federal questions) and 1338(a)

(jurisdiction over civil actions arising under any Act of Congress relating to patents).  This Court may exercise personal jurisdiction over Defendant in that Defendant is a Texas limited liability company which conducts business in the State of Texas and within the Southern District of Texas and alleged acts of infringement have taken place in this District.  This Court has subject matter jurisdiction over Defendant's counterclaims under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code, and 28 U.S.C. §§ 1331 and 1338.  This Court may exercise personal jurisdiction over Plaintiff as Plaintiff has consented to the exercise of personal jurisdiction through the filing of its Complaint.

5. Name the parties who disagree and the reasons.

   Plaintiff and Defendant are in agreement that this Court has subject matter jurisdiction over this matter and may exercise personal jurisdiction over Plaintiff and Defendant.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Plaintiff may seek to add Zhejiang Orient Gene Biotech Co., LTD ("Orient Gene") a Chinese company with its principal place of business at 3787#, East Yangguang Avenue, Dipu Street, Anji 313300, Huzhou, Zhejiang, China, which is the 100% owner of Defendant as an additional defendant.  A determination of whether Plaintiff will seek to add Orient Gene as a party defendant will be made after initial discovery is completed.

7. List anticipated interventions.

   The parties do not currently anticipate any interventions.

8. Describe class-action issues.

   There are currently no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

As of the filing of this Joint Discovery/Case Management Plan neither party has made the initial disclosures required by Rule 26(a). The parties have agreed that each party's required initial disclosures will be made by no later than October 17, 2018.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   26(f)(3)(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

   Plaintiff and Defendant will make their initial disclosures on or before October 17, 2018. The parties do not request any changes to be made to the timing, form, or requirement for disclosures under Rule 26(a).

   26(f)(3)(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

   Plaintiff:
   Plaintiff anticipates propounding discovery regarding Accused Healgen Products which may infringe on or more claims of the '562 Patent, including but not limited to, the manufacture, purchase, offering for sale, sale, marketing of the Accused Healgen Products, sales quantities, sales amount and cost of goods sold, revenue, gross profit, operating expenses and operating profit, correspondence with suppliers, customers and/or distributors. Plaintiff further anticipates propounding

discovery regarding the defenses and claims asserted in Defendant's Answer to Plaintiff's Complaint for Patent Infringement and Counterclaims and any amendments thereto. Discovery should be conducted in accordance with and under the requirements of the Scheduling Order entered by the Court.

Defendant:

Defendant anticipates propounding discovery regarding the allegations made by Plaintiff in its lawsuit, including but not limited to the reduction to practice of the invention, prior art, the patent application history, the patent and more particularly the asserted claims, including claim construction position, identification of accused products and the claims they allegedly infringe, identification of Plaintiff's products made under the patent, and sales data of any products made under the patent, damage theory, and reasonable royalties. Discovery should be conducted in accordance with and under the requirements of the Scheduling Order entered by the Court.

26(f)(3)(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties have reached an agreement regarding a Proposed Agreed Order Regarding E-Discovery a copy of which is attached hereto as Exhibit 1.

26(f)(3)(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties are currently not aware of issues about claims of privilege or of protection as trial preparation materials which need to be addressed. In the event such issues arise the parties will undertake good faith efforts to resolve such issues and if no resolution can be agreed upon the parties will submit the matter to the

Court.

26(f)(3)(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

The parties do not request any changes to the discovery rules.

26(f)(3)(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

The parties currently do not foresee the need for other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

B. When and to whom the plaintiff anticipates it may send interrogatories.

To Defendant, during and before the end of the discovery period.

C. When and to whom the defendant anticipates it may send interrogatories.

To the Plaintiff, during and before the end of the discovery period.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral depositions of Defendant's expert witnesses, and fact witnesses identified by Defendant, or otherwise identified through discovery, during and before the end of the discovery period.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the oral depositions of Plaintiff's expert witnesses, and fact witnesses identified by Plaintiff, or otherwise identified through discovery,

during and before the end of the discovery period.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff:

Plaintiff will be able to designate experts as required by Rule 26(a)(2)(B), however, reports, especially reports regarding damages, will not be able to be provided until discovery regarding relevant issues is conducted.

Defendant:

Defendant will designate experts and provide reports, including response reports, if necessary, one month after Plaintiff's deadline to provide such expert reports.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates deposing the expert(s) designated by Defendant during and before the end of the discovery period.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant will depose expert(s) designated by Plaintiff during and before the end of the discovery period.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties are in agreement as to the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    November 15, 2019

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    During the Rule 26(f) conference the parties discussed the initial settlement proposal made by Defendant as well as the possibility of entering into an agreed preliminary injunction enjoining Defendant from making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the patent-in-suit during the pendency of the instant suit.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed the initial settlement proposal made by Defendant as well as the possibility of entering into an agreed preliminary injunction enjoining Defendant from making, using, selling and/or offering for sale in the United States, and/or importing into the United States, products falling within the scope of one or more claims of the patent-in-suit during the pendency of the instant suit. The parties have agreed to discuss resolution on an ongoing basis.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Mediation pursuant to the terms and schedule as set forth in the Scheduling Order entered by the Court.

17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not agree to trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

    Plaintiff timely made jury demand in its Complaint for Patent Infringement filed July 5, 2018. Defendant timely made jury demand in its Answer to Plaintiff's Complaint for Patent Infringement and Counterclaims filed August 23, 2018.

19.    Specify the number of hours it will take to present the evidence in this case.

    The parties currently expect that the trial of this matter can be conducted in one week, assuming 6 hours with jury per day.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21.    List other motions pending.

    None.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

This case will involve discovery of documents that originally were created in Chinese. There may be issues pertaining to translation of portions of those document that may arise. It is anticipated that counsel for both parties will be able to resolve any such complications without the need of assistance by the Court.

Additional Matters Required by Rule 2-1(a) of the Rules of Practice For Patent Cases In The Southern District of Texas:

1. Any proposed modification of the schedule provided in the Scheduling Order Template

    The parties do not propose any modifications of the schedule provided in the Court's Scheduling Order Template.

2. A plan for completing electronic discovery

    The parties have reached an agreement regarding a Proposed Agreed Order Regarding E-Discovery a copy of which is attached hereto as Exhibit 1.

3. The need for presenting technical tutorials to the presiding judge and the mode for such presentations (*i.e.*, live testimony, video presentations) at or before the claim construction hearing

    Both Plaintiff and Defendant foresee presenting technical tutorials to the presiding judge at the claim construction hearing by way of live testimony. In the event the parties cannot reach an agreement and submit an agreed preliminary injunction, Plaintiff will file a motion for preliminary injunction and Plaintiff foresees the need of presenting technical tutorials to the presiding judge in the form of live testimony at a hearing on the motion for preliminary injunction.

4. Any deviations from and additions to the form protective order

   The parties do not currently foresee the need for deviations from and additions to the form protective order.

5. Whether any party desires to present live testimony at the claim construction hearing

   Both Plaintiff and Defendant desire to present live testimony at the claim construction hearing.

6. The need for any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses

   The parties do not presently foresee the need for any specific limits on discovery relating to claim constructions, including depositions of fact and expert witnesses.

7. The order of presentation at the claim construction hearing

   Plaintiff followed by Defendant.

8. The scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed

   To be set by Scheduling Order

9. Whether the presiding judge should authorize the filing under seal of any documents containing confidential information

   Plaintiff and Defendant are in agreement that the presiding judge should authorize the filing under seal of any documents containing confidential information.

The names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff, W.H.P.M., Inc.

Mark W. Romney
Romney Law Firm
900 Jackson Street, Ste. 750
Dallas, TX 75202
(214) 329-4237
TX Bar No.: 17225750
SDTX I.D. No.: 208180

Paul F. Gianni
The Gianni Law Firm
1102 Andromeda Way
Arlington TX 76013
(817) 948-2835
TX Bar No.: 00784124

Date: October 9, 2018


Counsel for Defendant, Healgen Scientific Limited Liability Company

Theodore Lapus
Lai Corsini & Lapus, LLC
5800 Ranchester Ste. 200
Houston, TX 77036
(713) 988-5666
TX Bar No.: 24039484

Date: October 9, 2018


Respectfully submitted,

    /s/ Mark W. Romney_____
    Mark W. Romney
    Texas Bar No. 17225750
    SD Texas Bar No. 208180
    ROMNEY LAW FIRM
    900 Jackson Street, Suite 750
    Dallas TX 75202
    Telephone: 214.329.4237
    Facsimile: 214.329.4257
    mark@romneylawfirm.com
    **ATTORNEY FOR PLAINTIFF**
    **W.H.P.M., INC.**

/s/ Theodore Lapus_____
Theodore Lapus
TX Bar No.: 24039484
Lai Corsini & Lapus, LLC
5800 Ranchester Ste. 200
Houston, TX 77036
(713) 988-5666
tlapus@lglcus.com
**ATTORNEY FOR DEFENDANT HEALGEN SCIENTIFIC LIMITED LIABILITY COMPANY**

## CERTIFICATE OF SERVICE

This will certify that Joint Discovery/Case Management Plan under Rule 26(f) was filed electronically with the Court, and served on all parties of record via the CM/ECF system on October 9, 2018.

 /s/ Mark W. Romney\_\_\_\_
Mark W. Romney